IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY McCOY,

    Plaintiff,

v.                                                       Civil Action No. 3:11cv730

OFFICER EBRON, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Anthony McCoy, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983[1] action. The action is proceeding on McCoy's Complaint (ECF No. 1), wherein he alleges that Defendants[2] violated his rights under the Eighth Amendment[3] during his confinement in the Sussex I State Prison ("Sussex I"). (Compl. 5–6.)[4] The matter is before the

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] McCoy named the following individuals as defendants: Officer Ebron; Sergeant Presley; Mrs. Murphy, Charge Nurse; Ms. Turner, Food Service Employee; and Ms. Poarch, Assistant Food Service Employee.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] The Court employs the pagination assigned by the Court's CM/ECF docketing system for citations and quotations to McCoy's complaint.

Court on the Motion to Dismiss filed by Defendants Ebron and Presley. Appropriate *Roseboro*[5] notice accompanied the Motion to Dismiss. (ECF No. 13.) McCoy has not responded. The matter is ripe for disposition.

## I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the

---

[5] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

McCoy alleges that, during his incarceration in Sussex I, food service regularly serves him spicy food. McCoy contends:[6]

> On October 3, 2011, I told Sgt. Presley that I received spicy food on my tray. My potatos [sic] for breakfast were spicy. He asked me how they were spicy [and] I told him they came from the kitchen spicy. He made the comment "I'm sure they did Mr. McCoy, I'm sure they did." Then he blew me off. I used the intercom to alert the woman in the booth to try to resolve the issue. She said she called Ms. Turner [and] Ms. Poarche [and] they both denied that my food was spicy [and] they denied that anything from the kitchen is spicy [and] so did Sgt. Presley. Ebron did this too. On 10-1-11- when I brought to his attention that I had spicy food on my tray he refused to help [and] denied that any food is spicy here. I've received a very large amount of trays w/spicy food [and] food service always lies

---

[6] The Court corrects the capitalization and punctuation in the quotations to McCoy's Complaint.

3

about it [and] the C/O's do too. I have a medical order for a no spicy food diet, I showed my proof to Ebron, I showed it to Sgt. Presley, but still I'm forced to go w/out a portion of my food when I get spicy food [and] that takes away from my right to have a certain amount of nutrition. The charge nurse, Nurse Murphy told the woman in the booth that my medical order for a no spicy food diet was for me to eat around what's spicy on the tray. . . . So the medical dept., employees [and] food service are banding together to make my food spicy [and] then lie about it, [and] that makes me have to go w/out or be in pain from eating it because I'm hungry. I don't know exactly what violation of my constitutional rights this is. But it takes from my nutrition or forces me to be in pain from eating spicy food because I'm hungry.

(Compl. 5–6.) McCoy asks the Court to "[p]lease order me to a prison that will not continue to treat me wrongfully [and] violate my rights." (*Id.* at 7.)

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'"

4

*Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

5

McCoy fails to satisfy either the objective or subjective component of his Eighth Amendment claim. "Allegations of inadequate food for human nutritional needs . . . [may be] sufficient to state a cognizable constitutional claim, so long as the deprivation is serious." *King v. Lewis*, 358 F. App'x 459, 460 (4th Cir. 2009) (internal citation omitted) (citing *Wilson*, 501 U.S. at 294). In determining whether an Eighth Amendment violation has occurred, "[c]ourts consider the amount and duration of the deprivation of food." *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir. 2010) (citation omitted) (finding deprivation of six meals in fifty-four hour period insufficient to state a claim absent allegation of injury as a result of missing meals); *see also Berry v. Brady*, 192 F.3d 504, 506–08 (5th Cir. 1999) (finding deprivation of eight meals over seven-month period insufficient to state an Eighth Amendment claim because no specific allegations of physical harm). Here, McCoy's general conclusory allegations here fail to sufficiently indicate the seriousness of the deprivation.

In *King*, the Court found the inmate stated sufficient allegations of inadequate nutrition to survive initial review. 358 F. App'x at 460. King, however, alleged specific quantitative facts indicating "that the food served at each meal was inadequate in both quantity and nutritional standards." *Id.* King "asserted that the 'vegetables only add up to less than two (2) teaspoonful, eggs served during breakfast add up to even less; meats served is often less than two (2) ounces. Most meals would not add up to six (6) ounces total.'" *Id.* In contrast, McCoy provides no useful facts about the purported deprivation, merely stating in a conclusory manner that he believes he receives inadequate nutrition when forced to eat around the alleged spicy food. *See Iqbal*, 556 U.S. at 679 (observing courts can disregard conclusions in determining whether a plaintiff has adequately pled a claim).

Moreover, McCoy fails to allege that he sustained any injury, much less a serious or significant physical or emotional injury, from receiving spicy foods on his tray. *See Strickler*, 989 F.2d at 1381. McCoy neither claims he lost weight or that he has suffered other adverse physical effects, nor has he alleged facts suggesting a substantial risk to his health. *Berry*, 192 F.3d at 508. McCoy states that eating spicy foods causes him pain and eating around the spicy foods leaves him hungry. McCoy contends he has a medical order for a no spicy food diet, but later explains that this order states that McCoy should eat around spicy foods. McCoy's bare allegations of suffering "pain from eating it" (Compl. 6) and being "hungry" (*id.*) fail to establish the requisite level of seriousness for an Eighth Amendment claim. *See Strickler*, 989 F.2d at 1381 n.9; *see also Lowery v. Bennett*, No. 11–6425, 2012 WL 3218006, at *5 (4th Cir. Aug. 9, 2012) (holding bare allegations of suffering failed to establish requisite level of seriousness); *Lockamy*, 402 F. App'x at 951–52 (finding claim insufficient where the plaintiff "has not alleged any specific harm, other than hunger pains" (citing *Berry*, 192 F.3d at 508)). Given that deficiency, McCoy fails to adequately allege an Eighth Amendment violation.

McCoy also fails to allege facts that indicate that Defendants Presley and Ebron knew of and disregarded an excessive risk to McCoy's health. *Farmer*, 511 U.S. at 837. McCoy's vague allegations that on two occasions he complained to Defendants Presley and Ebron about receiving spicy food and they ignored his complaints, fall short of permitting the conclusion that his complaints placed Defendants Ebron and Presley on sufficient notice of an excessive risk to McCoy's health or safety. *See Parrish*, 372 F.3d at 303; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). McCoy fails to allege sufficient facts that Defendants Presley and Ebron actually perceived that McCoy faced a substantial risk of serious harm from eating spicy foods or eating around spicy foods. As such, McCoy's vague factual allegations against Defendants

Presley and Ebron fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 683) (some internal quotation marks omitted). Accordingly, McCoy's Eighth Amendment claim against Defendants Presley and Ebron fails.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants Presley and Ebron (ECF No. 11) will be GRANTED. McCoy's claim against Defendants Presley and Ebron will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

/s/
James R. Spencer
United States District Judge

Date: 2-26-13
Richmond, Virginia