IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANTHONY McCOY,**

    Plaintiff,

v.                                                          Civil Action No. **3:11cv730**

**OFFICER EBRON,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Anthony McCoy, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983[1] action. The action is proceeding on McCoy's Complaint (ECF No. 1), wherein he alleges that Defendants[2] violated his rights under the Eighth Amendment[3] during his confinement in the Sussex I State Prison ("Sussex I"). (Compl. 5–6.)[4] The matter is before the

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] McCoy named the following individuals as defendants: Officer Ebron; Sergeant Presley; Mrs. Murphy, Charge Nurse; Ms. Turner, Food Service Employee; and Ms. Poarch, Assistant Food Service Supervisor. By Memorandum Opinion and Order entered February 26, 2013, the Court dismissed Defendants Presley and Ebron from the action. *See McCoy v. Ebron*, 3:11cv730, 2013 WL 709123, at *4 (E.D. Va. Feb. 26, 2013).

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] The Court employs the pagination assigned by the Court's CM/ECF docketing system for citations and quotations to McCoy's complaint.

Court on the Motion for Summary Judgment filed by Defendants Poarch and Turner (ECF No. 26) and McCoy's failure to serve Defendant Murphy. Appropriate *Roseboro*[5] notice accompanied the Motion for Summary Judgment. (ECF No. 30.) McCoy has not responded. The matter is ripe for disposition.

## I. McCOY'S FAILURE TO SERVE DEFENDANT MURPHY

Pursuant to Federal Rule of Civil Procedure 4(m),[6] McCoy had one hundred and twenty (120) days from the filing of the complaint to serve the defendants. Here, that period commenced on April 25, 2012. By Memorandum Order entered on January 29, 2013, the Court directed McCoy to show good cause for his failure to serve Defendant Murphy within the time required by Rule 4(m). McCoy did not respond.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528

---

[5] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[6] Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

(D. Md. 1999)). Neither *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citations omitted). Because McCoy failed to demonstrate good cause for his failure to serve Defendant Murphy, the action against Defendant Murphy will be DISMISSED WITHOUT PREJUDICE.

## II. SUMMARY OF ALLEGATIONS

McCoy alleges that, during his incarceration in Sussex, food service regularly serves him spicy food. McCoy contends:[7]

> On October 3, 2011, I told Sgt. Presley that I received spicy food on my tray. My potatos [sic] for breakfast were spicy. He asked me how they were spicy [and] I told him they came from the kitchen spicy. He made the comment "I'm sure they did Mr. McCoy, I'm sure they did." Then he blew me off. I used the intercom to alert the woman in the booth to try to resolve the issue. She said she called Ms. Turner [and] Ms. Poarche [and] they both denied that my food was spicy [and] they denied that anything from the kitchen is spicy [and] so did Sgt. Presley. Ebron did this too. On 10-1-11- when I brought to his attention that I had spicy food on my tray he refused to help [and] denied that any food is spicy here. I've received a very large amount of trays w/spicy food [and] food service always lies about it [and] the C/O's do too. I have a medical order for a no spicy food diet, I showed my proof to Ebron, I showed it to Sgt. Presley, but still I'm forced to go w/out a portion of my food when I get spicy food [and] that takes away from my right to have a certain amount of nutrition. The charge nurse, Nurse Murphy told the woman in the booth that my medical order for a no spicy food diet was for me to eat around what's spicy on the tray. . . . So the medical dept., employees [and] food service are banding together to make my food spicy [and] then lie about it, [and] that makes me have to go w/out or be in pain from eating it because I'm hungry. I don't know exactly what violation of my constitutional rights this is. But it takes from my nutrition or forces me to be in pain from eating spicy food because I'm hungry.

(Compl. 5–6.) McCoy asks the Court to "[p]lease order me to a prison that will not continue to treat me wrongfully [and] violate my rights." (*Id.* at 7.)

---

[7] The Court corrects the capitalization and punctuation in the quotations to McCoy's Complaint.

3

## III. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th

4

Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."). In support of their Motion for Summary Judgment, as pertinent here, Defendants Poarch and Turner submit the affidavit of Blaine Brock, Food Services Director at Sussex I (ECF No. 29 ("Blaine Aff.")), and two Offender Diet Orders for McCoy prescribing a therapeutic diet of no spicy food. (Blaine Aff. Ex. C, D.)

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. McCoy failed to respond. Additionally, McCoy's Complaint fails to constitute admissible evidence because McCoy failed to swear to the contents of his submissions under penalty of perjury. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004). Thus, McCoy has failed to proffer "sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of McCoy.

### IV.   UNDISPUTED FACTS

Defendant Poarch served as Assistant Food Service Director and Food Service Director, and Defendant Turner served as Food Service Supervisor at the time pertinent to McCoy's Complaint. (Brock Aff. ¶ 3.) Both Defendants worked for Trinity Services Group ("Trinity"), formerly Canteen Correctional Services, a private corporation, which contracts with the Virginia Department of Corrections ("VDOC") to provide food service at Sussex I. (*Id.* ¶ 1.) Defendants Poarch and Turner had no involvement or input at any time "with prescribing inmate diets,

designing menus, establishing meal schedules or food service policy at Sussex I." (*Id.* ¶ 4.) The VDOC, not Trinity, "prescribes the menu for all meals that Trinity serves to the inmates . . . the type of food and beverages Trinity serves and requires Trinity to modify portions served and to substitute certain menu items for inmates with restricted religious or medical diets." (*Id.* ¶ 6.) Trinity prepares meals in accordance with the policies outlined in the VDOC's Food Service Manual ("Manual") and Therapeutic Diet Handbook ("Handbook"). (*Id.* ¶ 7.) The VDOC medical department personnel prescribe all restricted medical diets and communicate any such diet prescription to Trinity through an Offender Diet Order form. (*Id.* ¶ 8.) "[T]he VDOC's food service policies permit the VDOC medical department to prescribe only the restricted medical diets identified in the [Manual] and the Handbook." (*Id.* ¶ 9 (citations omitted).) For inmates whose medical conditions require dietary restrictions not accommodated by the diets listed in the Manual or the Handbook, the VDOC medical department personnel must obtain approval from the VDOC's Chief Physician of the Office of Health Services before prescribing such a diet. (*Id.* (citations omitted).)

At all times relevant to McCoy's Complaint, Trinity prepared meals for McCoy in accordance with VDOC's medical dietary policies. (*Id.* ¶ 11.) On May 25, 2011 and again on June 16, 2012, the VDOC's Sussex I medical department issued Offender Diet Order forms specifying a "no spicy food" dietary restriction for McCoy. (*Id.* ¶ 12; Ex. C, at 1; Ex. D, at 1.) The VDOC offers no menu nor recognizes a "no spicy food" dietary restriction in its Manual or Handbook, and McCoy's Offender Diet Orders were not approved by the Chief Physician of the Health Services Unit as required by the VDOC's policies. (*Id.* ¶ 13.) Despite this lack of proper authorization, Trinity accommodated McCoy's "no spicy food" dietary restriction by modifying the meals outlined in the VDOC's four-week Master Menu by substituting non-spicy food items

6

of comparable nutritional content, such as peanut butter or beans. (*Id.* ¶¶ 13, 15.) Trinity adds no spices or seasonings to any of the recipes provided by the VDOC. (*Id.* ¶ 15.)

Inmates with restricted medical diets must present their identification cards in order to receive appropriate meal trays. (*Id.* ¶ 21.) Upon confirming the inmate's name is listed on the Medical Diet Log, food service personnel prepare the meal tray according to the menu corresponding with the restricted diet listed on the Medical Diet Log and pass the meal to the inmate. (*Id.*) If the inmate fails to present his identification card, Trinity may not serve the inmate a restricted medical diet meal. (*Id.* ¶ 22.) Trinity has no record of McCoy ever notifying Defendant Poarch or Turner "about any purported deficiencies or discrepancies in his meals, let alone about any medical complications or injuries caused by any of the meals [McCoy] received at Sussex I." (*Id.* ¶ 24.)

## V. ANALYSIS

In order to survive summary judgment for a claim under 42 U.S.C. § 1983, a plaintiff "must . . . 'affirmatively show[ ] that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Furthermore, "'[t]he doctrine of *respondeat superior* has no application under [§ 1983].'" *Id.* (quoting *Vinnedge*, 550 F.2d at 928). McCoy must demonstrate that each defendant had "personal knowledge of and involvement in the alleged [constitutional] deprivation' to establish liability under § 1983. *Id.*

To establish an Eighth Amendment claim, McCoy must demonstrate that Defendants Poarch and Turner acted with deliberate indifference to his serious medical needs. *See Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

7

would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). Thus, to survive a motion for summary judgment under the deliberate indifference standard, a plaintiff "must show that the official in question subjectively recognized a substantial risk of harm. . . . [and] that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

First, McCoy fails to put forth evidence that Defendants Poarch and Turner acted personally in the deprivation of his Eighth Amendment rights. McCoy fails to introduce evidence that Defendants Poarch and Turner personally provided McCoy with spicy food in

8

contravention of medical orders, ignored the medical orders, or that either had any role in implementing the instructions of the medical department. *See Wright*, 766 F.2d at 850.

Moreover, McCoy fails to satisfy either the objective or subjective component of his Eighth Amendment claim. "The Eighth Amendment requires that inmates be provided 'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (alteration in original) (some internal quotation marks omitted) (quoting *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)); *see also Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (citing cases for proposition that Eighth Amendment requires nutritionally adequate food). In determining whether an Eighth Amendment violation has occurred, "[c]ourts consider the amount and duration of the deprivation of food." *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir. 2010) (citation omitted) (finding deprivation of six meals in fifty-four hour period insufficient to state a claim absent allegation of injury as a result of missing meals); *see Berry*, 192 F.3d at 506–08 (finding deprivation of eight meals over seven-month period insufficient to state an Eighth Amendment claim absent specific allegations of physical harm).

McCoy fails to proffer evidence that he sustained any injury, much less a serious or significant physical or emotional injury, from receiving spicy foods. *See Strickler*, 989 F.2d at 1381. McCoy neither establishes that he lost weight or that he has suffered other adverse physical effects, nor has he put forth evidence suggesting a substantial risk to his health. *See Lockamy*, 402 F. App'x at 951 (citing *Berry*, 192 F.3d at 508). Thus, McCoy fails to establish the objective prong of his Eighth Amendment claim.

McCoy also fails to produce evidence that Defendants Poarch and Turner knew of and disregarded an excessive risk to McCoy's health. *Farmer*, 511 U.S. at 837. McCoy fails to

establish that Defendants Poarch and Turner actually perceived that McCoy faced a substantial risk of serious harm from eating spicy foods or eating around spicy foods. Accordingly, McCoy's Eighth Amendment claim will be DISMISSED.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Poarch and Turner's Motion for Summary Judgment (ECF No. 26) will be GRANTED. Defendant Murphy will be DISMISSED from the action. McCoy's claim against Defendants Poarch and Turner will be DISMISSED.

An appropriate Final Order shall issue.

/s/
James R. Spencer
United States District Judge

Date: 6-3-13
Richmond, Virginia

10